UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

| | |
|---|---|
| JAMES M. MEADE | Case No. 09-34865-dof |
| and CHRISTINE MEADE, | Chapter 13 Proceeding |
| Debtors. | Hon. Daniel S. Opperman |

_____/

OPINION REGARDING APPLICATION
FOR COMPENSATION OF COUNSEL FOR DEBTORS

Debtors' counsel, Marrs & Terry, PLLC, seeks compensation of $2,635.00 for attorney fees and $110.73 for expenses. The Chapter 13 Trustee, Carl Bekofske, objects, noting that this Eighth Fee Application, if granted, would award a total of $12,290.59 to Debtors' counsel and that the instant case is not so complex to warrant such an award. Also, the Trustee objects to the following time entries as excessive and unreasonable under 11 U.S.C. § 330(a):

a. 04/07/2014 LW CASE ADMINISTRATION Drafted affidavit for babysitting expense Emailed to client for signature 0.20 at $175.00/hr $35.00

b. 04/10/2014 MM TC with client re: documents needed for case. 10 at $250.00/hr $25.00

c. 04/14/2014 MM CASE ADMINISTRATION review email from trustee re plan mod, email to client, email to trustee 0.20 at $250.00/hr $50.00

d. 04/14/2014 MM CASE ADMINISTRATION review email from client re proposal to trustee, email to trustee re same, email to client, note file 0.20 at $250.00/hr $50.00

e. 04/14/2014 MM CASE ADMINISTRATION review stip and order adjourning plan mod, email to trustee, email to client 0.20 at $250.00/hr $50.00

f. 04/25/2014 MM CASE ADMINISTRATION review 2013 tax returns, compare to amended I, email to client 0.50 at $250.00/hr $125.00

g. 04/28/2014 LW CASE ADMINISTRATION Drafted and filed motion to incur nunc pro tunc for real property Emailed loan docs to Trustee 1.00 at $175.00/hr $175.00

1

h. 05/12/2014 MM CASE ADMINISTRATION review documentation re down payment from clients, email to clients re same and plan mod, review email from client re same 0.20 at $250.00/hr $50.00

i. 05/14/2014 MM CASE ADMINISTRATION review trustee objection to motion to incur debt, TC client re same, discuss documents needed and plan mod hearing 0.30 at $250.00/hr $75.00

j. 05/16/2014 MM CASE ADMINISTRATION review email from client, review 401k distribution documentation, email to trustee re motion to incur, prepare stip and order re same, email to client, review email from client re further documentation and trustee plan mod hearing, respond to same 0.30 at $250.00/hr $75.00

k. 05/17/2014 MM CASE ADMINISTRATION review file for plan mod and motion to incur, email to client re same 0.20 at $250.00/hr $50.00

l. 05/17/2014 MM CASE ADMINISTRATION review email from client re plan mod and motion to incur, reply to same re possible resolution, review email from client 0.20 at $250.00/hr $50.00

m. 05/19/2014 MM review email from client, respond to same re docs needed and hearing tomorrow, TC client .10 at $250.00/hr $25.00

n. 05/19/2014 MM review email from client re income and expenses, email to client re same, TC client re proposed resolution .20 at $250.00/hr $50.00

o. 05/19/2014 MM Review emails from client re offer to settle, response to same, email to trustee re counter offer .20 at $250.00/hr $50.00

p. 05/22/2014 MM CASE ADMINISTRATION review email from client, review payments to creditors per client request, respond to client email re plan options and docs needed re motion to incur, review client email re same 0.20 at $250.00/hr $50.00

q. 05/29/2014 TT CASE ADMINISTRATION Review entered order on plan modification. Note file re terms and letter to client. 0.30 at $250.00/hr $75.00

r. 06/04/2014 MM review email from client re plan payments and respond to the same .10 at $250.00/hr $25.00.

2

s. 06/09/2014 MM CASE ADMINISTRATION review email from client, review documents re down payment on property, prepare affidavit re same, respond to email 0.30 at $250.00/hr $75.00

t. 06/09/2014 MM meeting with client, finalize affidavit, discuss income, budget and plan completion 1.00 at $250.00/hr $250.00.

u. 06/16/2014 MM review email from client re repairs needed to auto, respond to same .10 at $250.00 $25.00

v. 06/16/2014 MM review 2 emails from client re vehicle repairs v value of vehicle, respond to same review email from client, email to client re process to include debt for new vehicle .30 at $250.00/hr $75.00

w. 7/8/2014 MM review email from client re new auto purchase, respond to same re process for .10 at $250.00/hr $25.00

At the oral argument regarding the instant Application, Debtor's counsel agreed the expenses should be reduced to $52.00. The Trustee has not argued that the hourly rate in this Fee Application is inappropriate.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

3

## APPLICABLE LAW

11 U.S.C. § 330(a)(3) provides, in relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(4) prohibits the Court from allowing compensation for:

> (i) unnecessary duplication of services; or
>
> (ii) services that were not–
>
> (I) reasonably likely to benefit the debtor's estate; or
>
> (II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

4

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

Per *Boddy*, a "court can legitimately take into account the typical compensation that is adequate for attorney fees in Chapter 13 cases, as long as it expressly discusses these factors in light of the reasonable hours actually worked and a reasonable hourly rate."

*Id*.

The professional requesting compensation has the burden of proof regarding the application for compensation. *In re Sharp*, 367 B.R. 582, 585 (Bankr. E.D. Mich. 2007); *In re New Boston Coke Corp.*, 299 B.R. 432 (Bankr. E.D. Mich. 2003).

ANALYSIS

The Trustee did not object to the Applicant's hourly rate, so the first *Boddy* variable is not in issue. What remains is an analysis of each time entry and whether the requested fees are adequate.

The focus at oral argument centered on the use of email by the Debtors' counsel and the apparent duplication of services regarding a motion to incur debt.

As for the first objection, the Trustee argues that counsel uses email too much and that as a result there is inefficient communication, which in turn creates an unreasonably high amount of attorney fees. Instead, the Trustee offers that face-to-face meetings are more efficient. Perhaps so, but the Court cannot find efficiency in this regard in this case. First, the entries for the particular topics do not total a significant amount of time. For example, the entries for June 16, 2014, through

5

July 8, 2014, total .5 hours. The amount of time spent emailing seems equal to or less than the preparation for and attendance at an in-person meeting, and is certainly not greater than such a meeting. The Court has also looked at the entries for April 24, 2014, through June 9, 2014, and notes that the time devoted to email, when aggregated, could be equal to or greater than a face-to-face meeting. Upon closer examination, however, many of these entries involve exchanges between counsel and the Debtors or counsel and the Trustee over days and weeks. The Court again cannot find that the Trustee's suggested course is more efficient than that taken by counsel.

Second, the nature of the emails, which often included forwarding documents with the email, indicate that the sharing of information in this method is efficient.

Third, email has become for many people the preferred method to communicate. While the lack of personal contact may have its drawbacks, the methods used here do not prove the superiority of face-to-face meetings.

The second Trustee objection regarding the April 28, 2014, preparation of a motion to incur debt on a nunc pro tunc basis stems from the improper use of a code by counsel when filing this motion. The Court struck that motion on April 28, 2014, and counsel refiled the motion on April 29, 2014. The Court does not see any duplicate charges related to this motion.

The Trustee does request that the Court consider the total amount of the fees to date considering the nature of this case. In doing so, the Court notes the following:

A. The Debtors filed their Chapter 13 petition on September 13, 2009, and their Chapter 13 Plan was confirmed December 3, 2009, after three objections to the Plan were addressed by the Debtors. Attorney fees of $3,500.00 were awarded in the Order Confirming Plan.

B. The Debtors modified their Plan on April 28, 2010, and the Court approved this modification on May 28, 2010. After two fee applications associated with this Plan and other issues,

counsel was awarded $1,452.00.

C.   A secured creditor filed a motion for relief from stay on October 29, 2010, and obtained the requested relief on November 16, 2010. Thereafter, counsel amended a payment order, filed a modified plan and negotiated a resolution to the Trustee's objection to the amended modified Plan, as evidenced by the February 28, 2011, Order approving that modification. Four days earlier, the Court approved a stipulation between Debtors' counsel and the Trustee approving fees in the amount of $1,269.10.

D.   From October 2011, through December 2012, Debtors' counsel applied for and received fees totaling $2,524.00 over the course of three different fee applications.

E.   On February 26, 2014, the Trustee amended the Debtors' Plan and the Debtors responded to, but then withdrew their objection to the Trustee's amendments. The Debtors then amended their Schedules I and J and refiled their objection to the Trustee's Plan. Counsel applied for and received fees of $669.00 on April 4, 2014.

F.   Since April 2014, the Debtors have sought approval of a loan to purchase a house and worked out an agreement to resolve the Trustee's proposed plan modifications. Also, while not included in the most recent fee application, the Debtors have also requested approval of a loan to purchase a car and are in another dispute with the Trustee over their proposed amended Chapter 13 Plan. As of September 16, 2014, there are 142 entries of documents filed in this case.

There is not much in this case that explains why there has been so much action. The Debtors were obviously under financial stress when they filed their Chapter 13 petition, despite their approximate $7,400.00 monthly net income. Their Chapter 13 Plan, while giving them relief, has not solved all of their financial troubles, which, in turn, causes their attorney fees to increase every time they have a new problem. Compounding all of this is the Debtors' fluctuating income and

expenses, which makes planning difficult.

The Trustee asks this Court to resort to a broader view as allowed by *Boddy*, but that view is still anchored by an analysis of the hours spent on a project. In this case, the Court is more persuaded, albeit by a close margin, by the Debtors' counsel's Application and the representation of what the Court perceives as legal representation needed by the Debtors. In another case on another day, the Court may sustain the Trustee's objections, but in this case the Court overrules those objections.

Counsel for the Debtors is directed to prepare an Order consistent with this Opinion and the presentment rules of this Court.

Not for Publication

**Signed on October 08, 2014**

                                             **/s/ Daniel S. Opperman**
                                         **Daniel S. Opperman**
                                         **United States Bankruptcy Judge**